In the Matter of the Estate of JOHN G. BESLEY, deceased.

A testator devised and bequeathed all his estate to his son J. B., "sole executor of this my [his] last will," with power to dispose of the same in such manner as to him (J. B.) should seem meet, for the payment of the testator's debts, and for the use and benefit of his daughter G. B., so long as she should continue insane. J. B. died after paying all the debts of the estate; and G. B. still continued insane. *Held,* that a person appointed administrator of said estate with the will annexed, did not succeed to the rights and duties of J. B., and was not entitled to any part of the estate.

Sec. 11, ch. 98, R. S., does not change the law upon this subject. The acts and trusts there spoken of must be understood to be those properly pertaining to the office of executor.

The words "sole executor" &c., in the will, must be taken as a mere *descriptio personæ.*

APPEAL from the Circuit Court for *Milwaukee* County.

James Besley died in June, 1855, leaving a will, in which, after bequeathing a certain note to James G. Besley, one of his sons, he added : " I give and devise all my real and personal estate, except the above mentioned note, to my son James G. Besley, sole executor of this my last will and testament, in trust, with power to dispose of the same in such manner as to him shall seem meet, for the payment of my just debts and for the use and benefit of my only and afflicted daughter, Gertrude Besley, so long as she shall remain insane, to be used for her support and maintenance during her natural life ; and after her decease, I give and devise all that may remain to my son James G. Besley and his heirs forever : but should my said daughter Gertrude be restored to the full use of her sound mind, then I give and devise unto her an amount equal to two thousand dollars, and the remainder, if any, I give and devise unto my said son James G. Besley and his heirs ; and I do hereby nominate and appoint my son James G. Besley to be my sole executor of this my last will " &c.   By the inventory of said estate, filed by the executor in November, 1855, it appeared that, in addition to the note specifically bequeathed to James G. Besley, it consisted of a note made by said James G. Besley, for $2,267, dated December 20th, 1852, payable one year from date, and secured by mortgage on real estate in Fond du Lac county.   In 1857, James G. Besley, in pursuance of a contract entered into in 1853 between himself and his brother *Oliver Besley*, conveyed to said *Oliver* the real property on which said mortgage was given, and took from *Oliver* a note for $2,377 of the purchase money, secured by a mortgage of the same property running to himself; and at the same time, as executor of James Besley, executed a release of the former mortgage " in consideration of $2,377 to him paid," which release was duly recorded.   James G. Besley died in February, 1858, having previously paid all debts of the estate, and having also pledged the mortgage of *Oliver Besley*

to the Bridgeport Bank, Connecticut, as security for his notes given to that bank. One *Allis* became administrator of the estate of said James G. Besley, by appointment of the county court of Milwaukee county; and in February, 1859, *Oliver Besley* was appointed, by the county court of Fond du Lac county, administrator *de bonis non* of the estate of James Besley, with the will annexed. In June, 1861, *Oliver Besley* presented to the county court of Milwaukee county a petition, which alleged that as such administrator he was entitled to the possession of said mortgage by him executed to James G. Besley, on the ground that it was a part of the property of the estate of James Besley; that said *Allis* claimed the mortgage as administrator of James G. Besley, and refused to deliver the same to him, said *Oliver*, or to authorize the Bridgeport Bank to deliver it; and that he, said *Oliver*, had paid said bank the whole amount due it on the note of James G. Besley for which the mortgage was deposited as collateral security. The petition therefore prays the court for an order declaring said mortgage to be the property of the estate of James Besley; and that the petitioner was entitled to the possession thereof as administrator of said estate; and directing said *Allis* to surrender the same to him, or to authorize and request the said bank to do so. The county court denied the prayer of the petition, and *Oliver Besley* appealed to the circuit court. On the trial, that court found the facts substantially as above stated, and also that Gertrude Besley was still surviving and insane. On these facts the court held that James G. Besley had held said note and mortgage not as executor but under a special trust, and that "the petitioner had no right to them in his official capacity;" and rendered judgment affirming the decision of the county court. From this judgment *Oliver Besley* appealed.

*Smith & Salomon* for appellants, cited R. S., ch. 98, secs. 10, 12; ch. 99, secs. 11, 15; ch. 100. sec. 7; ch. 97, sec. 25; 2. Williams on Ex'rs, 823; *Wood v. Wood*, 4 Paige, 299, 303-4.

James G. Besley received the mortgage as executor of the will, and he never could divest himself of that character until he had completely performed all the conditions of the will. If the property left to him had been *real estate*, he could have held, under the old law, and perhaps even under our statutes, as a *trustee*; for the executor only took the personalty. *Bogert v. Hertell*, 4 Hill, 492, 495, 503, 507, *et seq.* The policy of our law requires that persons so taking and holding trust property should give bonds for its proper management. James G. Besley did so. *Oliver Besley*, his successor in the right to the mortgage, has done so. The respondent has *not* done so. His sureties answer only for the interest of James G. Besley, but are not held for the respondent's liability towards Gertrude Besley. R. S., ch. 98, secs. 1, 2, 7, 10, 12. Only the appellant is held responsible for the property in question, and he has powers and rights proportioned to his responsibility. R. S., ch. 102, secs. 1, 4, 9; ch. 104, secs. 1, 4. There has been no final settlement of the estate of James Besley, which alone would divest the executor or administrator of the control. R. S., ch. 102, secs. 1, 2, 4, 9, 14; ch. 103, secs. 2, 3, 4, 5, 17, 18; *Spencer v. Church*, 2 Root, 80.

*Wells & Brigham*, for respondent *Allis*, cited *Conklin v. Egertons' Adm'rs*, 21 Wend., 430; *Ex parte Jenkins*, 1 Barn. & Cress., 655.

*By the Court*, DIXON, C. J. James G. Besley was not only the executor of the will, and charged with all the duties appertaining to that office, but he was also legatee in trust, with the peculiar duties prescribed in the will. The duties thus specially imposed were of a delicate and responsible character, and quite distinct from those usually devolved on the office of executor. That they were in a great measure discretionary and personal, and not official, hardly admits of doubt. "I give and devise all my real and personal estate of what nature or kind soever, except the above mentioned note, to my son James G.

Besley, sole executor of this my last will and testament, with power to dispose of the same *in such manner as to him shall seem meet,* for the payment of my just debts and for the use and benefit of my only and afflicted daughter, Gertrude Besley, so long as she shall remain insane," &c., is the language of the testator. It appears that there were no debts of the testator remaining unsatisfied at the time of the death of the executor and trustee, James G. Besley, and consequently that all of the estate not then disposed of belonged to the fund thus specially bequeathed in trust. Gertrude Besley is still living and insane. Under these circumstances we have no hestitation in saying that the appellant, *Oliver Besley,* is not entitled to the possession of any part of the estate by virtue of his appointment as administrator with the will annexed. As such administrator he does not succeed to the rights and duties of James G. Besley as trustee under the will. The rule that powers and duties thus confidentially reposed, and not connected with the office of executor, do not pass to the administrator with the will annexed, has been acted upon in cases too numerous to be quoted. *Conklin v. Egertons' Adm'rs,* 21 Wend., 430; *Knight v. Loomis,* 30 Maine, 204; *Ross v. Barclay,* 18 Pa. St., 179; *Dominick v. Michael,* 4 Sandf., 374; *Beekman v. Bonsor,* 23 N. Y., 303.

Nor has the statute (sec. 11, ch. 98, R. S.,) which provides that "administrators with the will annexed shall have the same authority to perform every act, and discharge every trust, as the executor named in the will would have had, and their acts shall be as valid and effectual for every purpose," changed the law upon this subject. The acts and trusts here spoken of must be understood as those pertaining to the office of executor. The same observation is applicable to those provisions of statute cited by counsel for the appellant. In New York there exists a like statutory provision, by which it is enacted that "in all cases where letters of administration with the will annexed shall be granted, the will of the deceased shall be observed and performed; and the administrators with such wills shall have

the same rights and powers, and be subject to the same duties, as if they had been named executors in such wills." This statute has been held not to have introduced any new principle of law. *Beekman v. Bonsor*, and *Dominick v. Michael*, *supra*.

The suggestion of the appellant's counsel that as, in this case, the bequest was made to James G. Besley, "sole executor of this my last will and testament," it is distinguishable from the other cases, merits perhaps some observation. It will be found on examining the cases that in most, if not all of them, the same or an equivalent form of expression was used in the creation of special trusts. The terms "sole executor," "executor aforesaid" or "hereinafter named," are regarded as descriptive of the person of the trustee, and not as implying that the testator intended to annex to the office of executor any powers or duties which by law do not belong to it.

Judgment affirmed.